UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, et al., : | |
| : | Civil Action No. 02-5964 (DRD) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | OPINION |
| JOHN T. MCGOVERN, : | July 14, 2005 |
| : | |
| Defendant. : | |

SUSAN DAVIS WIGENTON, UNITED STATES MAGISTRATE JUDGE:

Before the Court is Plaintiffs American Postal Workers Union, North Jersey Area Local, et al.'s (hereinafter "Plaintiffs") motion for leave to file an amended and supplemental complaint against Defendant John T. McGovern (hereinafter "Defendant"), pro se, alleging, inter alia, embezzlement of funds in violation of the Racketeer Influenced Corrupt Organization Act (hereinafter "RICO"), and alleging the breach of Defendant's fiduciary duty to Plaintiffs. Plaintiffs also name Gary Weightman, Earmer "Chuck" Ware and Frank Tie (hereinafter "Proposed Defendants") as proposed defendants in the amended and supplemental complaint, alleging, inter alia, that the Proposed Defendants also engaged in fraudulent activity in violation of RICO and in breach of their fiduciary duty to Plaintiffs. Defendant McGovern and Proposed Defendant Frank Tie have filed written opposition to Plaintiffs' motion, while Proposed Defendants Weightman and Ware have not. This Court has reviewed the written submissions with regard to this motion pursuant to Fed. R. Civ. P. 78, and issues this decision based upon these submissions. The salient facts and procedural history have been set forth in sufficient

1

detail within the parties' briefs, and so, it is unnecessary to repeat them here.  For the following reasons, Plaintiffs' motion for leave to file an amended and supplemental complaint is granted.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of the Court, and leave must be freely given when justice so requires.  Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993).  See, e.g., Gregory v. Admin. Office of the Courts of N.J., 168 F.Supp.2d 319, 326 (D.N.J. 2001); Palladino v. VNA of Southern New Jersey, Inc., 68 F.Supp.2d 455, 476 (D.N.J. 1999).  The Third Circuit requires that leave to amend a complaint should be granted unless the party opposing the motion can show that he or she will suffer undue prejudice if the Court grants the motion.  Lorenz, 1 F.3d at 1413-14.  If the non-movant fails to show undue prejudice, a motion to amend the complaint may only be denied if the Court finds that there is evidence of bad faith, undue or unexplained delay, continual failure to cure any deficiency through previous amendments, or futility of the proposed amendment.  Id. at 1414.

Pursuant to Federal Rule of Civil Procedure 15(d), under just terms, a party may serve a supplemental pleading setting forth transactions or events that have occurred since the date of the pleading to be supplemented.  Courts generally assess motions to supplement a pleading under the same standards as a motion to amend.  See Hassoun v. Cimmino, 126 F.Supp.2d 353, 360 n. 7 (D.N.J. 2000).  See, e.g., Mueller Co. v. U.S. Pipe and Foundry Co., 351 F.Supp.2d 1, 2 (D.N.H. 2004).

Plaintiffs seek to amend and supplement their complaint to include further allegations of Defendant and Proposed Defendants' involvement in a conspiracy to defraud Plaintiffs of certain funds contained in Plaintiffs' treasury.  These alleged facts were only recently discovered, according to Plaintiffs, due to the affirmative efforts of Defendant to conceal their discovery.

Defendant McGovern, appearing pro se, essentially argues in his submission that Plaintiffs should not be allowed to amend and supplement their complaint based upon these newly discovered facts because the allegations made against him are simply not true.  However, this argument is unpersuasive, in that it is ill-timed; such assertions of the invalidity of a claim are better made at a later stage in the proceedings (e.g., at summary judgment), before the ultimate factfinder.

Furthermore, there does not appear to be any undue delay due to Plaintiff's lack of diligence, in that Plaintiffs have filed this motion at this later point in the litigation only because Defendant allegedly concealed the facts at issue.  The Court finds that Plaintiffs filed this motion within a reasonable time after the discovery of these new facts.  Also, there is no evidence of bad faith on the part of Plaintiffs, the proposed amendments are surely not futile, and there has been no failure to cure any deficiency in previous amendments.  Lastly, it is an axiom of American jurisprudence that a wrongdoer should not benefit from his wrongdoing, and thus, justice would surely require that Defendant should not be allowed to benefit from his alleged purposeful hindrance of discovery in this matter.

Proposed Defendant Frank Tie (hereinafter "Tie") opposes this motion on two basic grounds.  Firstly, Tie asserts that he would suffer undue prejudice if he were to be brought into this case at this time, since more than two years have passed since the initial complaint was filed, and since the current parties are near the end of discovery.  According to Tie, he has not participated in this case in any way, except for attending a deposition at the request of Plaintiffs "a very long time ago," and would be hard pressed to begin mounting a defense at this late date.  While the Court acknowledges that the case has progressed significantly since its initial filing,

Tie has been named as a proposed defendant at this late date only because of the alleged efforts of Defendant to conceal evidence that may implicate Tie and the other Proposed Defendants. Plaintiffs are not the cause of this delay in naming Tie as a defendant, and they have not acted in bad faith in naming Tie and the other Proposed Defendants at this point in the case. To allow Tie and the other Proposed Defendants to avoid answering the complaint made against them would allow them to benefit from Defendant's alleged wrongdoing. Justice surely requires that all of the Proposed Defendants appear before the Court to answer the serious charges levied against them by Plaintiffs, despite the significant progression of time.

Secondly, Tie argues that Plaintiffs have failed to plead with sufficient particularity with regard to Tie's involvement with the alleged RICO violations. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). A "pattern" of racketeering involves two or more predicate acts of racketeering, including, inter alia, federal mail fraud or federal wire fraud. Id. The federal mail and wire fraud statutes outlaw the use of the mail and telephone wires for the purpose of committing fraud. See 18 U.S.C. §§ 1341, 1343 (2005). A fraudulent scheme need not be fraudulent on its face, but must involve some fraud or misrepresentation that would reasonably be expected to deceive a person of ordinary intelligence. Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 528 (3d Cir. 1998).

Plaintiffs' proposed complaint claims that Defendant and the Proposed Defendants acted in concert to engage in fraudulent transactions using both the mail and interstate telephone wires in violation of RICO. Where a plaintiff relies on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must be pled with specificity as required by Federal Rule of

4

Civil Procedure 9(b).  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  Plaintiffs may satisfy this requirement by pleading the date, time or place of the alleged fraud, or by some other way of precisely substantiating the allegations of fraud.  Lum, 361 F.3d at 224 (citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  Plaintiffs must also allege who made the misrepresentation to whom, as well as the content of the alleged misrepresentation.  Lum, 361 F.3d at 224.

The Court concludes that Plaintiffs' proposed complaint sufficiently pleads RICO violations by Defendant and Proposed Defendants as required by Rule 9(b) and case law.  The proposed complaint specifies the persons involved in the alleged fraud, the dates that the alleged fraud took place and the victims of the alleged fraud.  Plaintiffs' proposed complaint specifically details several transactions allegedly entered into by Defendant and the Proposed Defendants, including the fraudulent taking of funds from Plaintiffs' treasury through false work-related reimbursement claims, false salary checks, and false dental benefit disbursements.  Plaintiffs also allege that Defendant and the Proposed Defendants acted in concert over the course of many months to defraud Plaintiffs of hundreds of thousands of dollars, using the federal mail system and the federal interstate telephone system to do so.  The Court also notes that the alleged fraudulent transactions would have reasonably deceived a person of ordinary intelligence.

In short, the proposed complaint specifies the dates, perpetrators and victims of at least two predicate acts of fraud using the federal mail and the federal interstate telephone system.  Plaintiffs have pled with enough particularity to put Defendant and Proposed Defendants on "notice of the precise misconduct with which they are charged, and to safeguard [Defendant and Proposed Defendants] against spurious charges of immoral and fraudulent behavior."  Seville

Indus., 742 F.2d at 791.  Thus, Plaintiffs' proposed complaint sufficiently pleads the alleged RICO violations as to Defendant and all Proposed Defendants as required by Rule 9(b) and the relevant case law.

    Tie's remaining arguments against the proposed amended and supplemental complaint are essentially general denials of personal wrongdoing.  These arguments are premature, and are best left to be heard by the ultimate factfinder; consequently, the Court finds these arguments to be unpersuasive.

    Considering the above-mentioned factors, and applying the Third Circuit's liberal standards with regard to motions to amend and supplement the pleadings, the Court is satisfied that Plaintiffs have presented enough cause to justify the amendment and supplementation of their complaint.  Thus, Plaintiffs' motion for leave to file an amended and supplemental complaint against Defendant and Proposed Defendants is GRANTED.

                                                                                        s/  SUSAN D. WIGENTON
                                                                     UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk
cc:     Honorable Dickinson R. Debevoise
        Parties
        File